**In re PRINCETON INDUSTRIES, INC., Debtor.**

**Bruce D. SCHERLING, as Trustee in Bankruptcy for Princeton Industries, Inc., Plaintiff,**

v.

**NENAMESECK INDUSTRIAL PROPERTIES, INC., Defendant.**

Bankruptcy No. 80 B 11850 (ER).
Adv. No. 83–5631A.

United States Bankruptcy Court, S.D. New York.

May 15, 1984.

Jasper & Jasper, New York City, for debtor.

Siegel, Sommers & Schwartz, New York City, Cooley, Shrair, Alpert, Labovitz & Dambrov, P.C., Sp. Counsel, Springfield, Mass., for defendant.

### DECISION ON MOTION FOR SUMMARY JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

On November 5, 1980, Princeton Industries, Inc., filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. On July 14, 1981, this case was converted to a Chapter 7 proceeding pursuant to a motion brought on by the Official Committee of Unsecured Creditors. By order of this court on July 14, 1981, Bruce D. Scherling was appointed the trustee of the debtor's estate.

The trustee commenced an adversary proceeding against Nenameseck Industrial Properties, Inc. (Nenameseck). The trustee seeks to avoid a preferential transfer allegedly made by the debtor to Nenameseck. Pursuant to Bankruptcy Rule 7056, the trustee brought on a motion for summary judgment on the grounds that there was no material issue of fact and that the moving party was entitled to judgment as a matter of law.

In order to determine if summary judgment is proper, a historical overview of the facts in question is required.

On May 29, 1980, Nenameseck filed a complaint against Princeton in the Hampshire County District Court, Commonwealth of Massachusetts, against Princeton Industries, Inc., for past due rent and utilities. On the same date, an attachment was approved by the Massachusetts court for $46,000. Pursuant to Massachusetts law, a duly authorized court officer attached certain property of Princeton.

Sometime thereafter, Nenameseck and Princeton entered into a settlement agreement on August 15, 1980, dismissing Nenameseck's above mentioned action. Furthermore, the writ of attachment was to be discharged by Nenameseck in consideration of payment by Princeton Industries in the amount of $33,300. A subsequent amendment on September 25, 1980, modified the agreement to lower the amount which Princeton Industries had to pay. On October 3, 1980, Nenameseck filed a discharge of writ of attachment and acknowledged satisfaction of payment in full.

On a motion for summary judgment, the Federal Rules of Civil Procedure specify that summary judgment is appropriate only when there is no genuine "issue as to any

material fact." F.R.C.P. 56(c). The party seeking summary judgment has the burden of demonstrating the absence of any material factual issues in dispute. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444 (2d Cir.1980). In determining whether to grant a summary judgment motion, the court must "resolve all doubts in favor of the party opposing the motion." *Heyman v. Commerce and Industry Co.*, 524 F.2d 1317, 1320 (2d Cir.1975).

In the instant case, the trustee claims that there are no material facts in dispute and that the payment and transfer to Nenameseck was a preferential transfer under § 547(b) of the Bankruptcy Code. One of the requirements of § 547(b) is that the transfer be made within 90 days of the debtor's filing for bankruptcy. The trustee asserts that this requirement has been met, since the payment and transfer occurred on August 15, 1980, 80 days before Princeton Industries' filing on November 5, 1980.

It is evident from a review of the contentions of both sides that the determination on what date the transfer and payments were made is a material issue of fact. If the transfer was made on August 15, 1980, it would satisfy the requirements of § 547(b) of the Bankruptcy Code and would be a preference. However, if the transfer was shown to relate back to the date of attachment which was May 29, 1980, then there could be no preference since the transfer would fall well before the 90-day preference period. Consequently, an evidentiary hearing is required to resolve this matter.

Accordingly, the motion for summary judgment is denied.

Settle an appropriate order.